IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES WILLIAMS, | : | |
| Plaintiff, | : | 1:16-cv-2512 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| LAWRENCE P. MAHALLY, | : | |
| ROBIN LUCAS, | : | |
| Defendants. | : | |

## MEMORANDUM

### January 11, 2016

James Williams ("Plaintiff"), at all relevant times, an inmate incarcerated at the State Correctional Institution at Dallas ("SCI-Dallas"), Pennsylvania, filed this civil rights action pursuant to 42 U.S.C. § 1983, on December 19, 2016, naming as defendants Lawrence P. Mahally ("Mahally") and Robin Lucas ("Lucas"). (Doc. 1). Plaintiff seeks to proceed *in forma pauperis*. (Doc. 2).

A federal court must dismiss a civil action filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). For the reasons set forth below, the Court concludes that the complaint is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

I.   **STANDARDS OF REVIEW**

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying FED.R.CIV.P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). In reviewing the legal sufficiency of a complaint, the Court must accept the truth of the factual allegations. *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). Notably, the assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. The controlling question is whether the complaint "alleges enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555 (rejecting the "no set of facts" language from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level"); *see also Iqbal*, 556 U.S. at 678 (explaining that Rule 8 requires more than "an unadorned, the-

defendant unlawfully-harmed-me accusation"); *see also* FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief").

Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

## II. ALLEGATIONS OF THE COMPLAINT

Williams alleges that, on November 28, 2014, he slipped and fell on ice on that was "left on the [outdoor] track [at SCI-Dallas] without consideration of dangerous, icy conditions." (Doc. 1, p. 2). He alleges that "this neglect" caused his slip and fall which resulted in two broken bones in his right leg. (*Id.* at 2-3).

## III. DISCUSSION

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. *See* 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

> Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

*Id.; see also Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002*); Kneipp v. Tedder*, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." *Bethel v. Jendoco Construction Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted). Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss *sua sponte* under 28 U.S.C. § 1915(e)(2) a *pro se* civil rights claim whose untimeliness is apparent from the face of the complaint. *See Jones v. Bock*, 549 U.S. 199, 214–15 (2007) (holding if the allegations of a complaint, "for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim").

A claim brought pursuant to 42 U.S.C. § 1983 is subject to the same statute of limitations that applies to personal injury tort claims in the state in which such a claim arises. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Kach v. Hose*, 589 F.3d 626, 639 (3d Cir. 2009). Williams's claim arose in Pennsylvania; thus, the applicable statute of limitations is Pennsylvania's two year statute of limitations for personal injury actions. 42 PA. CONS. STAT. ANN. § 5524(2). The statute of limitations period accrues when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action. *See Garvin v. City of Phila.*, 354 F.3d 215 (3d Cir. 2003); *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir.1991). It is clear from the complaint that the claim accrued on November 28, 2014, the date of the slip and fall. This action was commenced on December 16, 2016, the date on which the complaint was signed and presumably delivered to prison authorities for mailing; approximately eighteen days after the statute of limitations expired. *Houston v. Lack*, 487 U.S. 266 (1988) (holding that that date on which a prisoner delivers documents to prison authorities for mailing is considered the filing date). (Doc. 1, p. 4). Consequently, the complaint is barred by the statute of limitations.

Further, the facts of the case reveal that Pennsylvania's tolling exceptions are unavailable to Williams. "Under Pennsylvania tolling principles, the statute is

tolled until 'plaintiffs knew or using reasonable diligence should have known of the claim.' *Urland v. Merrell-Dow Pharmaceuticals, Inc.*, 822 F.2d 1268, 1272 (3d Cir.1987). '[T]he Supreme Court of [Pennsylvania] views tolling of the statute of limitations in terms of the 'knew or should have known' standard whether the statute is tolled because of the discovery rule or because of fraudulent concealment.' *Id.* at 1273." *Vernau v. Vic's Mkt., Inc.*, 896 F.2d 43, 46 (3d Cir. 1990)

The "discovery rule 'tolls the limitations period until the plaintiff learns of his cause of action or with reasonable diligence could have done so' and 'is an exception to the usual principle that the statute of limitations begins to run immediately upon accrual regardless of whether or not the injured party has any idea what has happened to him.' *William A. Graham Co. v. Haughey* (*Graham II*), 646 F.3d 138, 141, 150 (3d Cir. 2011)." *Stephens v. Clash*, 796 F.3d 281, 284 (3d Cir. 2015). Williams's case, however, differs from cases in which the discovery rule has been applied. *See e.g., Acker v. Palena*, 260 Pa. Super. 214, 393 A.2d 1230 (1978) (finding the rule applied in a case where physician concealed an injury and offered assurances that the injury would resolve with the passage of time); *Anthony v. Koppers*, 284 Pa. Super. 81, 425 A.2d 428 (1980) (statute begins to run when plaintiff or plaintiff's decedent first had reason to learn that death of

plaintiff's decedent may have been caused by occupational exposure to emissions from defendant's coke ovens). The existence and cause of Williams's injuries were known from the day of the accident. He slipped, fell, and was injured. At the time, he knew of his injury, knew of the operative cause of the injury, and knew of the relationship between the cause and the injury.

Nor can Williams argue that the statute should be tolled because he was not aware of the severity of his injury until some future date. "This proposition has never been accepted to toll the statute of limitations in Pennsylvania. To satisfy the requirement that plaintiff know, or through the exercise of reasonable diligence should know of the injury, a plaintiff need only know of its existence. *See Petri*, *supra*, 453 A.2d at 346 ("Although [plaintiff] was not immediately aware of the nature or extent of the damage, [the fact of the injury] was obvious.")" *Cardone v. Pathmark Supermarket*, 658 F. Supp. 38, 40 (E.D. Pa. 1987).

The fraudulent concealment exception allows tolling of the statute of limitations where "through fraud or concealment the defendant causes the plaintiff to relax his vigilance or deviate from the right of inquiry." *Ciccarelli v. Carey Can. Mines, Ltd.*, 757 F.2d 548, 556 (3d Cir.1985). Clearly this exception is inapplicable to the facts of William's case.

## IV. **LEAVE TO AMEND**

Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 114 (3d Cir. 2002). In this case, it is clear that allowing Plaintiff leave to amend would be futile as the matter is clearly barred by the statute of limitations and no tolling exceptions are available to Williams.

## V. **CONCLUSION**

Based on the foregoing, Plaintiff's complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

An appropriate Order will issue.